1

**McDERMOTT WILL & EMERY LLP**
CHARLES E. WEIR (SBN 211091)
cweir@mwe.com
JASON D. STRABO (SBN 246426)
jstrabo@mwe.com
KATE M. HAMMOND (SBN 293433)
khammond@mwe.com
2049 Century Park East, Suite 3800
Los Angeles, CA  90067-3218
Telephone:    (310) 277-4110
Facsimile:    (310) 277-4730

2

3

4

5

6

7

Attorneys for Movants
Experience Hendrix, LLC and Authentic Hendrix,
LLC

8

9

10

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

11

12

| | |
|---|---|
| | Case No. 1-19-bk-10062-VK |
| | CHAPTER 11 |
| In re:<br><br>Andrew Marc Pitsicalis,<br><br>        Debtor. | **HENDRIX CREDITORS' NOTICE OF MOTION AND MOTION FOR ORDER APPOINTING CHAPTER 11 TRUSTEE PURSUANT TO BANKRUPTCY CODE SECTION 1104(a) OR CONVERTING DEBTOR'S CASE TO CHAPTER 7 PURSUANT TO BANKRUPTCY CODE SECTION 1112; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Declaration of Jason D. Strabo Filed Concurrently Herewith]<br><br>**<u>Hearing</u>**<br>**Date:        TBD**<br>**Time:        TBD**<br>**Location: Courtroom 301**<br>**21041 Burbank Boulevard**<br>**Woodland Hills, CA 91367** |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court,[1] Experience Hendrix, LLC ("Experience Hendrix") and Authentic Hendrix, LLC ("Authentic Hendrix," and together with Experience Hendrix, the "Hendrix Creditors"), will move the Court for entry of an order appointing a chapter 11 trustee pursuant to Bankruptcy Code Section 1104(a) or converting the above-captioned debtor's case to chapter 7 pursuant to Bankruptcy Code Section 1112 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Jason D. Strabo (the "Strabo Decl."), supporting statements, arguments and representations of counsel who will appear at the hearing on the Motion, the record in this case, and any other evidence properly brought before the Court in all other matters of which this Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-1(f) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of California (the "Local Bankruptcy Rules"), any party opposing or responding to the Motion must file a response (the "Response") with the Bankruptcy Court and serve a copy of it upon the moving party and the United States Trustee not later than 14 days before the date designated for the hearing.  A Response must be a complete written statement of all reasons in opposition to the Motion or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

---

[1] In accordance with the Court's procedures for self-calendaring, the Hendrix Creditors have not self-calendared the hearing date and time for this motion because it is anticipated that the hearing on such motion may extend more than 15 minutes in length.  In addition, the Hendrix Creditors are filing concurrently with this Motion an Application for Order Shortening Time pursuant to L.B.R. 9075-1, through which they are concurrently requesting that this matter be set for hearing on an expedited basis.

1

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file

2

and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief

3

requested herein.

4

5

Dated: January 15, 2019                    **McDERMOTT WILL & EMERY LLP**

6

7

8

By:    */s/ Jason D. Strabo*
　　　　CHARLES E. WEIR

9

　　　　JASON D. STRABO
　　　　KATE M. HAMMOND

10

　　　　Attorneys for Movants Experience Hendrix,
　　　　LLC and Authentic Hendrix, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

PROCEDURAL BACKGROUND ..................................................................................... 1

PRELIMINARY STATEMENT ........................................................................................ 2

JURISDICTION ................................................................................................................. 5

STATEMENT OF FACTS ................................................................................................. 5

    (A)    Pitsicalis and the Entity Debtors ........................................................... 5

    (B)    The Stipulated Judgment ........................................................................ 5

    (C)    The C.D. Cal. Action ............................................................................. 6

    (D)    Pitsicalis Promptly Violates the Charging Order .................................. 7

    (E)    The Contempt Motion Hearing .............................................................. 8

    (F)    The S.D.N.Y. Action ............................................................................. 9

APPLICABLE LAW ....................................................................................................... 10

    (A)    The Court Should Appoint a Chapter 11 Trustee Under Bankruptcy Code
              Section 1104(a) ................................................................................... 10

    (B)    In the Alternative, the Court Should Convert this Case Under Bankruptcy
              Code Section 1112(b) ......................................................................... 15

CONCLUSION ................................................................................................................ 18

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Aardvark*,
  1997 WL 129346 (D. Del. Mar. 4, 1997) ...................................................................14

*In re Bellevue Place Assoc.*,
  171 B.R. 615 (Bankr. N.D. Ill. 1994) ................................................................11, 13

*Burns v. Macgibbon (In re Macgibbon)*,
  BAP No. WW-05-1422-PaNK, 2006 WL 6810935 (B.A.P. 9th Cir. Aug. 14,
  2006) ...........................................................................................................................17

*In re Cambridge Biotech Corp.*,
  186 B.R. 9 (Bankr. D. Mass. 1995), *aff'd*, 212 B.R. 10 (D. Mass. 1997), *aff'd*, 186
  F.3d 1356 (Fed. Cir. 1999) .........................................................................................13

*Caradon Doors and Windows, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-
  Picher Industries, Inc.)*,
  447 F.3d 461 (6th Cir. 2006) ......................................................................................13

*In re Chu*,
  253 B.R. 92 (S.D. Cal. 2000) ......................................................................................17

*In re Corona Care Convalescent Corp.*,
  527 B.R. 379 (Bankr. C.D. Cal. 2015) ........................................................................16

*In re Evans*,
  48 B.R. 46 (Bankr. W.D. Tex. 1985) ...........................................................................14

*Green v. Howard Family Trust (In re Green)*,
  Nos. NV-15-1349-KiLDO and NV-15-1360-KiLDo, 2016 WL 6699311 (B.A.P.
  9th Cir. Nov. 9, 2016) .................................................................................................17

*In re Great Northeastern Lumber & Mill Work Corp.*,
  20 B.R. 610 (Bankr. E.D. Pa. 1982) ...........................................................................14

*In re Hampton Hotel Investors, L.P.*,
  270 B.R. 346 (Bankr. S.D.N.Y. 2001) .........................................................................16

*In re Incredible Auto Sales LLC*,
  No. 06-60855-11, 2007 WL 1100276 (Bankr. D. Mont. Apr. 10, 2017) ................15, 16

*In re Intercat*,
  247 B.R. 911 (S.D. Ga. 2000) .....................................................................................12

*In re Klein/Ray Broadcasting*,
    100 B.R. 509 (9th Cir. BAP 1987)..........................................................................11

*In re Madison Management*,
    137 B.R. 275 (Bankr. N.D. Ill. 1992) ..............................................................13, 15

*In re Marsch*,
    36 F.3d 825 (9th Cir. 1994) ...............................................................................17

*Marshall v. Marshall (In re Marshall)*,
    721 F.3d 1032 (9th Cir. 2013) ...........................................................................16

*In re Marvel Entm't Group, Inc.*,
    140 F.3d 463 (3d Cir. 1998)..........................................................................11, 13

*In re Nautilus of New Mexico, Inc.*,
    83 B.R. 784 (Bankr. D. N.M. 1988) ....................................................................12

*In re Oklahoma Refining Co.*,
    838 F.2d 1133 (10th Cir. 1988) ......................................................................11, 14

*In re PRS Ins. Gp., Inc.*,
    274 B.R. 381 (D. Del. 2001) ..............................................................................12

*Reading Co. v. Brown*,
    391 U.S. 471 (1968).............................................................................................13

*In re Tel-Net Hawaii, Inc.*,
    105 B.R. 594 (Bankr. D. Hawaii 1989) .................................................................12

**Federal Statutes**

11 U.S.C.
    § 102(3)................................................................................................................13
    § 1104.............................................................................................................*passim*
    § 1107(a)................................................................................................................2
    § 1108....................................................................................................................2
    § 1112.............................................................................................................*passim*

28 U.S.C.
    § 157......................................................................................................................5
    § 157(b)(2)(A)........................................................................................................5
    § 1334....................................................................................................................5
    § 1408....................................................................................................................5
    § 1409....................................................................................................................5

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## MEMORANDUM OF POINTS AND AUTHORITIES

TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE:

The Hendrix Creditors hereby submit their Memorandum of Points and Authorities in support of their *Motion for Order Appointing Chapter 11 Trustee Pursuant to Bankruptcy Code Section 1104(a) or Converting Debtor's Case to Chapter 7 Pursuant to Bankruptcy Code Section 1112*.

## PROCEDURAL BACKGROUND

1.      On January 10, 2018, Purple Haze Properties, LLC and a related entity, Rockin Artwork, LLC (collectively, the "Entity Debtors"), filed voluntary barebones petitions for relief under chapter 11 of the Bankruptcy Code (the "Entity Debtor Petitions").[2]

2.      On January 11, 2018, Andrew Marc Pitsicalis ("Pitsicalis" and together with the Entity Debtors, the "Debtors"), the managing member of the Entity Debtors, filed a voluntary barebones petition for relief under chapter 11 of the Bankruptcy Code (together with the Entity Debtor Petitions, the "Chapter 11 Cases").

3.      The Chapter 11 Cases were filed to frustrate the powers of the Receiver (defined below) and to frustrate Judge Phillips' mandate that all third parties who owe money to the Entity Debtors or Pitsicalis be provided with notice of the Contempt Order (defined below). [3]

4.      The Clerk of Court cited all three petitions for various deficiencies, including failing to file the required schedules and statements of financial affairs pursuant to Bankruptcy Rule 1007.

5.      The Entity Debtors and Pitsicalis continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

---

[2] Rockin Artwork, LLC's and Purple Haze Properties LLC's case numbers are 1:19-bk-10051-VK and 1:19-bk-10052-VK, respectively.
[3] As more fully explained below, while the Receiver was granted financial control of the Entity Debtors through the Contempt Order (defined below) just 11 days ago, Pitsicalis caused the Entity Debtors to file the Entity Debtor Petitions before financial control could be transferred to the Receiver.

**PRELIMINARY STATEMENT**

6.      The Hendrix Creditors and the Debtors have a storied past.  Approximately twelve years ago, Pitsicalis began systematically and wrongfully exploiting the intellectual property rights of one of the greatest artists in the history of Rock and Roll music, Jimi Hendrix.  The Hendrix Creditors brought various lawsuits to protect their property rights.  On August 24, 2017, the Hendrix Creditors secured a judgment that the Hendrix Creditors domesticated and have been attempting to enforce in this district.  Enforcement of the judgment has resulted in the Debtors' willful violations of court orders, fraudulent transfers, and spoliation of substantive evidence.  As discussed in more detail below, the Debtors have been repeatedly sanctioned in multiple federal courts and Chief Judge Virginia A. Phillips of this District recently held Pitsicalis in contempt.  This saga has now made its way to this Court.  Given the Debtors' repeated fraudulent acts and violations of court orders, the Chapter 11 Cases should proceed under the immediate supervision of a chapter 11 trustee or panel trustee under chapter 7.

7.      This case is the poster child for cases in which there is "cause" for such relief.  As laid out in more detail below, Pitsicalis's unlawful conduct and efforts to defraud his creditors and those of the Entity Debtors has been well-documented, adjudicated and subject to express findings and orders entered by District Court judges in this District and in the Southern District of New York.  On April 23, 2018, Chief Judge Virginia A. Phillips of this District entered an order in which the court concluded that Pitsicalis had "used various corporate entities [including the Entity Debtors] to pay for multi-million dollar properties and continues to use these entities for other personal expenses.  Pitsicalis has also failed to pay taxes for himself or the companies he controls, failed to maintain corporate records, and has failed to notify the Court of newly-created corporate entities."

(Declaration of Jason D. Strabo ("Strabo Decl.") at ¶ 2, Exhibit ("Ex.") HX-1 [Dkt. No. 70[4] at 10–11] (hereinafter, the "Charging Order")).  Judge Phillips further found that "Pitsicalis frequently transfers money back and forth between his various companies, and continues to form new entities." *Id.*  As a result of these conclusions, Judge Phillips concluded that "there is a probability of fraudulent conduct [and] a danger that Pitsicalis's assets are in imminent danger of being concealed . . . ." *Id.*

8.    To address these concerns, Judge Phillips appointed a third party receiver, Kevin Singer of Receivership Specialists (the "Receiver"), who was to be provided with access to all books and records of the Entity Debtors and directed to "review and approve all expenditures by" the Entity Debtors.  (*Id.* at 12–13.)  Pitsicalis responded by promptly and repeatedly ignoring Judge Phillips' order.  (Strabo Decl. at ¶ 6, Ex. HX-3 [Dkt. No. 112 at 1] (hereinafter, the "Contempt Order")).  Instead, over the following months, the Entity Debtors, under Pitsicalis's direction and control, made a litany of expenditures for which Pitsicalis neither requested nor received Receiver approval and repeatedly withheld from the Receiver records to which he was entitled under the terms of the Charging Order.  (*Id.*)

9.    As a result of these violations, ***just 11 days ago***, on January 3, 2019, Judge Phillips entered the Contempt Order, finding Pitsicalis in contempt of court, removing Pitsicalis from authority over the financial affairs of the Entity Debtors, and transferring financial control over the Entity Debtors to the Receiver.  (Contempt Order ¶¶ 2, 3, 5.)  Judge Phillips further ordered Pitsicalis to return to the Entity Debtors over $100,000 in funds he had wrongfully disbursed from

[4] Judge Phillips entered the Charging Order in the matter styled as *Experience Hendrix, LLC, et al. v. Andrew Pitsicalis, et al.*, Case No. 17-cv-07235 VAP (MRWx) (C.D. Cal. Sept. 28, 2017) (the "C.D. Cal. Action"), which is the action the Hendrix Creditors brought to enforce the judgment they were awarded in the D. Wash.. Action (defined below).  Unless otherwise indicated, all docket number references in this motion are to the docket number for the C.D. Cal. Action.

the Entity Debtors and awarded the Hendrix Creditors their reasonable fees and costs incurred as a result of Pitsicalis's malfeasance. (*Id.* ¶¶ 5, 7.)

10.    Nothing has changed in the past 11 days. Moreover, this is far from the only incident in which Pitsicalis, and the Entity Debtors under Pitsicalis's management, have been the subject of sanctions in federal court proceedings. Over the past six months alone, Pitsicalis has been the subject of a further eight separate orders regarding sanctions issued by another federal judge, Judge Paul Engelmayer of the United States District Court for the Southern District of New York, in a matter styled as *Experience Hendrix, L.L.C., et al. v. Andrew Pitsicalis, et al.*, Case No. 17-cv-1927 (S.D.N.Y. Mar. 16, 2017) (the "S.D.N.Y. Action"). (Strabo Decl. at ¶¶ 8-16, Exs. HX-4-HX-12 [S.D.N.Y. Action Dkt. Nos. 172, 188, 194, 213, 218, 269, 275, 279, 285]). Indeed, Pitsicalis's misconduct in the course of those proceedings led Judge Engelmayer to recently note, with regard to Pitsicalis, "I have had some miscreant actors but your client is in competition for the gold." (Strabo Decl. at ¶ 17, Ex. HX-13 [S.D.N.Y. Action, Oct. 26, 2018 Hearing Trans., 207:4–6]).[5]

11.    The facts above are the epitome of "cause" warranting the appointment of a chapter 11 trustee or conversion to chapter 7 so that an independent fiduciary can examine the Entity Debtors' and Pitsicalis's affairs and objectively decide what is in the best interests of creditors. As such, the Hendrix Creditors respectfully requests this Court to issue an order finding that cause exists to (i) appoint a chapter 11 trustee or, alternatively, (ii) convert the Chapter 11 Cases to cases under chapter 7, as the Court deems most appropriate.[6]

---

[5] Judge Engelmayer also noted that Pitsicalis "might want to think about a different business model because this is – I mean, essentially, the entirety of what he is earning or a large part of it is wrapped up in a practice that is contended to yield money that belongs to someone else." (Strabo Decl. at ¶ 17, Ex. HX-13 [S.D.N.Y. Action, Oct. 26, 2018 Hearing Trans., 240:15-19]).

[6] The Hendrix Creditors respectfully suggest that Kevin Singer of Receivership Specialists, who has served as the duly appointed receiver in connection with the C.D. Cal. Action, would be an appropriate choice to serve as trustee here. Mr. Singer has a lengthy track record of serving as a court-appointed fiduciary and is extensively familiar with the facts of this case and the operations of the Entity Debtors and Pitsicalis.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**JURISDICTION**

12.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The matter is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2)(A), and this Court has subject matter jurisdiction to enter findings of fact

and conclusions of law and a final judgment.  The statutory predicates for the relief sought herein are

sections 1104(a) and 1112(b) of the Bankruptcy Code, Rule 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

**STATEMENT OF FACTS**

**(A)    Pitsicalis and the Entity Debtors**

13.    Pitsicalis is an individual who resides at 410 Upper Lake Road, Lake Sherwood,

California, within this district.  Pitsicalis formed Rockin Artwork, LLC on August 10, 2009 and

Purple Haze Properties, LLC on February 19, 2015.  Charging Order at 2; *see also* (Dkt. No. 53-3).

Since their formation, Pitsicalis has used the Debtors "to pay for multi-million dollar properties and

continues to use these entities for other personal expenses.  Pitsicalis has also failed to pay taxes for

himself or the companies he controls, failed to maintain corporate records, and has failed to notify

the Court of newly-created corporate entities. *See, e.g.*, Charging Order at 5; *see also* (Dkt. No. 53-

5.).  The record also shows that Pitsicalis frequently transfers money back and forth between his

various companies, and continues to form new entities."  Charging Order at 10–11.

**(B)    The Stipulated Judgment**

14.    In March 2009, the Hendrix Creditors filed suit against Pitsicalis and a second

defendant, Hendrixlicensing.com, Ltd. (collectively, the "Judgment Debtors"), in the United States

District Court for the District of Washington for federal trademark infringement, false designation of

origin/federal unfair competition, violation of the Washington consumer protection act, contributory

infringement, and unjust enrichment (the "D. Wash. Action").  Charging Order at 3; *see also* (Dkt.

No. 53-42).  In July 2015, the Hendrix Creditors and Pitsicalis entered into a settlement agreement

and stipulated judgment (the "Stipulated Judgment") in the D. Wash. Action under which Pitsicalis

was required to make monthly payments to the Hendrix Creditors.  Charging Order at 3; *see also*

(Dkt. No. 53-47).  Pitsicalis made sporadic payments and ultimately defaulted on the monthly

settlement payments of $4,500 in April, May, June, November and December of 2016 and January,

March and April of 2017, ultimately leading to the Stipulated Judgment being entered in the D.

Wash. Action on August 24, 2017.  Charging Order at 3; *see also* (Dkt. No. 53-48) (D. Wash. Action

Dkt. Nos. 226–227).

15.    As detailed by Judge Phillips, Pitsicalis has engaged in numerous transfers to defraud

his creditors.  One key example relates to the purchase of his current home.  In November 2016, the

same month in which he defaulted (again) on his settlement payments of $4,500 per month, Pitsicalis

transferred title to a home that he owned in Las Vegas (the "Las Vegas Home") to Rockin Artwork

for $1.  Charging Order at 4; *see also* (Dkt. Nos. 53-26, and 55-13).  Pitsicalis, as the controlling

member of Rockin Artwork, then took out a loan on the Las Vegas Home and used that money as a

down payment to purchase a then $2.8 million home, which has recently appraised at $3.0 million, in

Lake Sherwood, California (the "Lake Sherwood Home").  Charging Order at 4; *see also* (Dkt. No.

53-4 at 14).  In other words, at the same time that Pitsicalis was defaulting on his obligations to the

Hendrix Creditors, he transferred assets to Rockin Artwork without consideration and then

purchased a nearly $3 million home for himself.

**(C)    The C.D. Cal. Action**

16.    On September 28, 2017, the Hendrix Creditors commenced the C.D. Cal. Action by

registering the Stipulated Judgment in this district.  (Strabo Decl. ¶ 2; *see also* Dkt. No. 1).  The C.D.

Cal. Action was assigned to Judge Phillips.  The Hendrix Creditors thereafter conducted a pair of

judgment debtor examinations of Pitsicalis and, in light of his examination testimony, filed an

application for an order charging Pitsicalis's interests in the two Entity Debtors and appointment of a receiver on March 19, 2018 (the "Application"). (*Id.* at ¶ 2; *see also* Dkt. Nos. 53, 54).[7]

17.    On April 23, 2018, the Court granted the Application and entered the Charging Order. In the Charging Order, Judge Phillips concluded, among other things, that "there is a probability of fraudulent conduct, a danger that Pitsicalis's assets are in imminent danger of being concealed, and that the legal remedies attempted thus far have been inadequate." (Charging Order at 11.) Under the terms of the Charging Order, Judge Phillips ordered that the Receiver (1) was to "have full access to and/or obtain copies of all books and records, ledgers, financial statements, financial reports, financial documents…and all other business records of the Entity Debtors, as the Receiver deems necessary" (*id.* at 12–13); (2) was to "review and approve ***all*** expenditures by the [Entity Debtors]" (*id.* at 13 (emphasis added)); (3) had the power to "make all inquiries that the Receiver deems necessary to ensure that all distributions by the [Entity Debtors] that would otherwise be paid to Pitsicalis are paid to the Hendrix Creditors" (*id.*); and (4) could "demand, collect, receive and distribute to the Hendrix Creditors all distributions by the [Entity Debtors] that would otherwise be paid to Pitsicalis." (*Id.* at 13–14.)[8]

### (D)    Pitsicalis Promptly Violates the Charging Order

18.    Rather than comply with the Charging Order, following its issuance, Pitsicalis instead repeatedly and willfully ignored its provisions, which prompted the Hendrix Creditors to file an Application for an Order to Show Cause re: Civil Contempt Violations (the "Contempt Motion"). Among other things, Pitsicalis stopped seeking approval from the Receiver for expenditures after

---

[7] The Hendrix Creditors are not attaching the Application, Contempt Motion, and respective supporting evidence to this instant motion for purposes of brevity and because certain of the information is subject to a protective order entered in the S.D.N.Y. Action and was filed under seal in the C.D. Cal Action. To the extent the Court wishes to see any of these documents, the Hendrix Creditors will promptly provide them.

[8] Indeed, while the Hendrix Creditors' initial attempt to prevent the transfer of the Lake Sherwood Home failed, it was subsequently determined that a fraudulent conveyance did in fact occur.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

July 2018.  (Dkt. No. 79-2, ¶ 4, Ex. 2 [*Declaration of Kevin Singer in Support of Application for an Order to Show Cause re: Civil Contempt Sanctions*] (hereinafter, the "Singer Decl.")).

19.    Additionally, Pitsicalis willfully and repeatedly caused the Entity Debtors to make numerous other payments far in excess of the amounts the Receiver approved for the months of May, June, and July 2018, for expenses that were neither reviewed nor approved by the Receiver.  Indeed, during each of the three full months for which Pitsicalis sought approval, Pitsicalis withdrew more than double the approved monthly amount.  (Dkt. No. 79-12, ¶¶ 11–16, Exs. 19–24 [*Declaration of Jason Strabo in Support of Application for an Order to Show Cause re: Civil Contempt Sanctions*] (hereinafter, the "Strabo Contempt Decl.")).  Pitsicalis made expenditures of similar amounts for August and September 2018, months for which he received no approval for expenditures of any amount.  (Singer Decl. ¶ 4, Ex. 2.)  Moreover, recent testimony illustrates that Pitsicalis and the Entity Debtors receive large volumes of cash in bags in connection with their business operations.  (Strabo Contempt Decl. ¶ 3, Ex. 11, pp. 83–84 at 50:19–25; 53:25–54:1; 57:13–19.)

### (E)    The Contempt Motion Hearing

20.    On December 3, 2018, Judge Phillips conducted a hearing on the Contempt Motion.  At the hearing, Judge Phillips orally indicated that she was holding Pitsicalis in contempt and that, as a consequence of such contempt, rather than the Receiver simply reviewing and approving all expenditures of the Entity Debtors, she would transfer to the Receiver financial control over the Entity Debtors.  (Strabo Decl. ¶ 5.)

21.    On January 3, 2019, Judge Phillips granted the Contempt Motion and entered the Contempt Order.  In the Contempt Order, Judge Phillips determined that Pitsicalis had committed numerous violations of the Charging Order.  Contempt Order at 1.  To prevent further violations of the Charging Order, Judge Phillips ordered, among other things, that: (1) "[n]o expenditures or distributions of funds shall be made by the [Entity Debtors] unless made by the Receiver or his

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

appointee;" (2) "Pitsicalis shall permanently remove any and all existing signatories and/or authorities from any financial accounts currently held in the name of the [Entity Debtors]" and have them replaced with the Receiver; and (3) Pitsicalis must "(a) provide each person or entity from which [the Entity Debtors] receive funds, revenue or payments . . . with the existence and terms of this Order" (b) "instruct such person or entity in writing to deliver all such funds, revenue, or payments to the Receiver" and (c) "deliver to the Receiver documents evidencing his provision of the notifications."  (Contempt Order ¶¶ 2, 3, 5.)  Judge Phillips further ordered Pitsicalis to return to the Debtors over $100,000 in funds he had wrongfully disbursed from the Debtors, and indicated that the Hendrix Creditors would be entitled to recover the fees they incurred as a result of Pitsicalis's malfeasance.  (*Id.* ¶¶ 5, 7.)

22.     Pitsicalis was obligated to comply with the provisions requiring that he turn over financial control of the Entity Debtors to the Receiver on January 8, 2019, two days before he caused the Entity Debtors to file the Entity Debtor Petitions.  The Receiver was unable to acquire financial control of the Entity Debtors as a result.

**(F)     The S.D.N.Y. Action**

23.     Since March 16, 2017, Pitsicalis has also been a party to the S.D.N.Y. Action, which was also brought to stop Pitsicalis, the Entity Debtors, and other named defendants from improperly exploiting the intellectual property rights of Jimi Hendrix.  (Strabo Decl. ¶ 7.)  Since July of 2018, Pitsicalis—and, under his control and direction, the Entity Debtors—have been the subject of multiple hearings and numerous sanctions orders arising out of their malfeasance in the S.D.N.Y. Action.  (*Id.*)

24.     Among other things, during the pendency of the S.D.N.Y. Action, Pitsicalis installed and ran anti-forensic software on the Entity Debtors' computers, which resulted in the deletion of numerous files and text messages, many of which demonstrably contained subject matter relevant to

that lawsuit. (Strabo Decl. ¶ 13, Ex. HX-9 [S.D.N.Y. Action Dkt. No. 269]). These actions have

resulted in numerous sanctions against Pitsicalis and the Entity Debtors, including entry of an

adverse inference at any future trial and the award to the Hendrix Creditors of nearly $77,000 in

attorneys' fees incurred as a result of prosecuting the spoliation issues. (*Id.*)[9]

26. Between the C.D. Cal. Action and the S.D.N.Y. Action, the Debtors have been

subjected to what will be in excess of $100,000 in fines, as well as numerous other sanctions, as a

result of Pitsicalis's far ranging acts of misconduct. (Strabo Decl. at ¶¶ 8-16, Exs. HX-4-HX-12

[S.D.N.Y. Action Dkt. Nos. 172, 188, 194, 213, 218, 269, 275, 279, 285]). Indeed, with regard to

Pitsicalis, on October 26, 2018, Judge Engelmayer noted, "I have had some miscreant actors but

your client is in competition for the gold." (Strabo Decl. at ¶ 16, Ex. HX-13 [S.D.N.Y. Action, Oct.

26, 2018 Hearing Trans., 207:4–6]).

26. Additionally, even after the court completed its hearings on those issues, it later came

to light that nearly five months of email messages, occurring during a critical period of time relevant

to both the S.D.N.Y. Action and C.D. Cal. Action, including, but not limited to, the time period of

the fraudulent conveyance, had been wholesale deleted. (Strabo Decl. ¶ 14, Ex. HX-10 [S.D.N.Y.

Action Dkt. No. 275]). That matter was scheduled for an evidentiary hearing before Judge

Engelmayer regarding potential additional sanctions on January 10, 2019, but has not yet been

brought to a resolution as a consequence of these chapter 11 proceedings. (*Id.*)

## APPLICABLE LAW

### (A)    The Court Should Appoint a Chapter 11 Trustee Under Bankruptcy Code Section 1104(a)

27. Pursuant to section 1104(a) of the Bankruptcy Code, a chapter 11 trustee may be

appointed based upon any one or more of the following grounds:

---

[9] The Entity Debtors and Pitsicalis were also ordered to pay $12,787.50 in sanctions on September
19, 2018. (Strabo Decl. ¶ 11, Ex. HX-7 [S.D.N.Y. Action Dkt. No. 213]).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

(1) *for cause*, including *fraud*, *dishonesty*, *incompetence*, or *gross mismanagement of the affairs of the debtor by current management*, either *before* or *after the commencement of the case*, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. §1104(a) (emphasis added).

28.    If cause exists to order the appointment of a trustee under section 1104(a)(1) of the Bankruptcy Code, the Court has no discretion and must order the appointment of a chapter 11 trustee.  *See* 11 U.S.C. § 1104(a) (stating that "the court *shall* order the appointment of a trustee") (emphasis added); *In re Klein/Ray Broadcasting*, 100 B.R. 509, 511 (9th Cir. BAP 1987) ("Under Section 1104 a trial court 'shall' appoint a trustee for 'cause' or 'in the best interest of the creditors.'"); *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988) ("Once the court has found that cause exists under § 1104, it has no discretion but must appoint a trustee.") (citation omitted).

29.    The Debtors are fiduciaries of their creditors and, as a result, are obligated to refrain from acting in a manner which could damage their estates or hinder a successful reorganization.  *See In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998); *In re Bellevue Place Assoc.*, 171 B.R. 615, 623-24 (Bankr. N.D. Ill. 1994).  "The willingness of Congress to leave a debtor-in-possession is premised on an expectation that current management can be depended upon to carry out the fiduciary responsibilities of a trustee.  And if the debtor-in-possession defaults in this respect, Section 1104(a)(1) commands that the stewardship of the reorganization effort must be turned over to an independent trustee."  *In re Marvel*, 140 F.3d at 474 (citing *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. at 526).

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

30.     This case is the archetype for what constitutes cause for the appointment of a chapter 11 trustee and then some. Between the fraudulent transfers, the undisclosed business entities, the failure to file tax returns or pay taxes, the bags of cash, sanctions, the spoliation of evidence, and the adverse inference against the Entity Debtors, the time is ripe for the appointment of a chapter 11 trustee to oversee the Debtors' affairs.

31.     As noted above, the transactions undertaken by Pitsicalis involving the Las Vegas Home and the Lake Sherwood Home constitute fraudulent transfers, an improper comingling of personal and corporate assets, and breaches of his fiduciary duties to the Entity Debtors. "Diversion of funds and misuse of corporate assets constitute fraud or dishonesty sufficient to warrant appointment of a trustee under section 1104(a)(1)." *In re PRS Ins. Gp., Inc.*, 274 B.R. 381, 385 (D. Del. 2001) (citing *In re Bibo, Inc.*, 76 F.3d 256, 257-258 (9th Cir. 1996)). Given that Pitsicalis orchestrated the fraudulent transfers, he has an obvious conflict-of-interest. He cannot be expected to faithfully investigate the transfers and file suit against himself to have the fraudulent transfers disgorged. This conflict-of-interest, alone, is reason to appoint a chapter 11 trustee. *See In re Tel-Net Hawaii, Inc.*, 105 B.R. 594, 595 (Bankr. D. Hawaii 1989). As the Court noted in *In re Intercat*, 247 B.R. 911, 923 (S.D. Ga. 2000):

> [The president of the debtor] has not suggested that he is or will be capable of pursuing the aggressive, independent investigation of all the transactions in issue, or that he will prosecute litigation to recover assets, or sue for the damages sustained by the debtor. Indeed, since he, his family, or his closely-held corporations are all potential targets of any such litigation, it is impossible to believe that he would do so in the manner that a disinterested person would.

(citations omitted). "A debtor in possession has the fiduciary duty to preserve estate assets for the benefit of creditors. When a debtor in possession is incapable of performing these duties a trustee is properly appointed." *In re Nautilus of New Mexico, Inc.*, 83 B.R. 784, 789 (Bankr. D. N.M. 1988).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

32.     Moreover, the Debtors' ongoing infringement of the Hendrix Creditors' intellectual property rights presents another independent basis for the appointment of a chapter 11 trustee because it is further evidence of Pitsicalis's dishonesty and gross mismanagement of the Debtors. The Debtors' ongoing infringement gives rise to a post-petition administrative claim that will substantially diminish the recovery for all of the Debtors' creditors in the Chapter 11 Cases. *See generally Reading Co. v. Brown*, 391 U.S. 471 (1968); *Caradon Doors and Windows, Inc. v. Eagle-Picher Industries, Inc.* (*In re Eagle-Picher Industries, Inc.*), 447 F.3d 461, 464 (6th Cir. 2006); *In re Cambridge Biotech Corp.*, 186 B.R. 9, 14 (Bankr. D. Mass. 1995), *aff'd*, 212 B.R. 10 (D. Mass. 1997), *aff'd*, 186 F.3d 1356 (Fed. Cir. 1999).

33.     "Subsection (a)(1) identifies examples of 'cause' including fraud, dishonesty, incompetence and gross mismanagement.  However, this list is nonexhaustive." *In re Bellevue Place Associates*, 171 B.R. 615, 622-623 (Bankr. N.D. Ill. 1994) (citations omitted); *see also* Bankruptcy Code § 102(3) (providing that the terms "includes" and "including" are not limiting). For example, courts have found "cause" for appointment of a trustee where creditors lack confidence in the debtor's management and where there is acrimony between management and creditors. *See In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 473 (3rd. Cir. 1998) (finding that acrimony constitutes cause when "there is no reasonable likelihood of any cooperation between the parties in the near future") (citation omitted); *In re Madison Management*, 137 B.R. 275, 281 (Bankr. N.D. Ill. 1992) ("lack of confidence in the debtor's management may constitute cause") (citations omitted). In the instant case, based upon Pitsicalis's misconduct and malfeasance, no creditor or party-interest could have confidence in his ability to competently and fairly administer the estates, faithfully discharge his fiduciary duties, or act in the best interests of the Debtors' creditors.  He has already been held in contempt for that very conduct, which was prejudicial to the Debtors' creditors.

-13-

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

34.      In addition, courts have held that a debtor's failure to keep adequate records justifies the appointment of a chapter 11 trustee.  *See In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988) (prepetition activity was considered as part of the court's determination to appoint a chapter 11 trustee).  Not only has Pitsicalis failed to properly maintain adequate business and financial records for the Debtors, he has been held in contempt for intentionally *destroying* records that were subject to ongoing discovery.

35.      Lastly, The Debtors' failure to file tax returns and pay income taxes for several years is another example of Pitsicalis's gross mismanagement of the Debtors, and provides yet another independent basis for the appointment of a chapter 11 trustee.  *In re Evans*, 48 B.R. 46, 48 (Bankr. W.D. Tex. 1985).  As the *Evans* court noted:

> The Debtor in this case at bar has a duty to file federal income tax returns.  The Debtor has continuously failed and refused to fulfill this duty.  The potential impact on the estate as a result of the Debtor's continued failure to perform his duties under the code is sufficient cause for the appointment of a trustee under Sec. 1104(a)(1).

*Id; see also In re Great Northeastern Lumber & Mill Work Corp.*, 20 B.R. 610 (Bankr. E.D. Pa. 1982) (debtor's failure to file returns and pay taxes for the prior six years constituted gross mismanagement and "cause" for the appointment of a trustee under Section 1104(a)(1)); *In re Aardvark*, 1997 WL 129346, at *4 (D. Del. Mar. 4, 1997) (debtor's failure to file tax returns among the factors supporting appointment of trustee).

36.      Notwithstanding all of this, "cause" need not be shown if the appointment of a chapter 11 trustee is otherwise in the best interest of creditors.  11 U.S.C. § 1104(a)(2).  Among the factors to be considered under section 1104(a)(2) are:  (1) the trustworthiness of the debtor; (2) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (3) the confidence—or lack thereof—of the business community and of the creditors in present management; and (4) the benefits derived by the appointment of a trustee, balanced against the cost

of appointment. *Madison Management*, 137 B.R. at 282.  All of these factors necessitate the

appointment of a chapter 11 trustee in this case.  Two federal courts have already documented how

difficult it has been for the Hendrix Creditors to protect the estate of the late Jimi Hendrix from the

Debtors' continued exploitation of the late Jimi Hendrix's intellectual property through fraudulent

transfers and undisclosed business entities.  Based upon Pitsicalis's failure to properly comply with

the District Courts' orders in the D. Wash. Action, the C.D. Cal. Action and the S.D.N.Y. Action, it

is in the best interests of creditors that the Debtors and their estates be commandeered by an

independent party, free from any conflicts-of-interest, who will faithfully discharge his or her duties

and maximize the recovery for creditors.

### (B)    In the Alternative, the Court Should Convert this Case Under Bankruptcy Code Section 1112(b)

37.    If the Court is not inclined to appoint a chapter 11 trustee based on the evidence and

legal standard above, then the Chapter 11 Cases are prime candidates for conversion to a chapter 7.

Bankruptcy Code Section 1112(b) states as follows:

> Except as provided in paragraph (2) and subsection (c), on request of a
> party in interest, and after notice and a hearing, the court ***shall*** convert
> a case under this chapter to a case under chapter 7 or dismiss a case
> under this chapter, whichever is in the best interests of creditors and
> the estate, ***for cause*** unless the court determines that the appointment
> under section 1104(a) of a trustee or an examiner is in the best
> interests of creditors and the estate.

11 U.S.C. § 1112(b) (emphasis added).  Thus, under Section 1112(b), where "cause" is shown, the

Court shall dismiss or convert a chapter 11 case to a chapter 7 absent "unusual circumstances" and a

showing of certain things like a reasonable likelihood a plan will be confirmed.  *See* 11 U.S.C. §

1112(b)(2).  The unusual facts or circumstances must demonstrate that the purposes of chapter 11

would be better served by maintaining the case as a chapter 11 proceeding.  *In re Incredible Auto

Sales LLC*, No. 06-60855-11, 2007 WL 1100276, at *4 (Bankr. D. Mont. Apr. 10, 2017).  Lastly, in

determining which option—conversion or dismissal—is in the best interest of creditors, courts

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

evaluate the prospects for collection and payment of the claims of creditors. *In re Corona Care Convalescent Corp.*, 527 B.R. 379, 384 (Bankr. C.D. Cal. 2015).

38. Bankruptcy Code section 1112(b)(4) contains sixteen examples of what constitutes "cause" for conversion of a chapter 11 case. Like the examples of "cause" in Bankruptcy Code section 1104(a)(1), the examples of cause in Bankruptcy Code section 1112(b)(4) are not exhaustive. "[T]he precise perimeters of 'cause' are intentionally omitted from the statute so as to afford maximum flexibility and, among other things, to enable a bankruptcy court to dismiss a Chapter 11 case for any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process." *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 358 (Bankr. S.D.N.Y. 2001) (quoting *In re HBA East, Inc.*, 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988)).

39. Under the above legal standard, a court converted a chapter 11 case where the debtor's business operations were grossly mismanaged and where the debtor was involved in many fraudulent activities prepetition, which only continued post-petition with the disappearance of business records. *Incredible Auto Sales*, 2007 WL 1100276, at *3, *8 (noting that the "case cries for conversion").

40. Based on the evidence and legal standard above, the same "cause" that supports the appointment of a chapter 11 trustee also supports the conversion of the Chapter 11 Cases to cases under chapter 7. Further, the Chapter 11 Cases present no unusual circumstances and the Debtors cannot make any of the showings under section 11112(b)(2). Lastly, conversion is preferred over dismissal because the record clearly reflects that the Hendrix Creditors' prospects of payment on their claims, even with the court-appointed Receiver, have been slim to none.

41. It is also well established that bad faith also constitutes additional cause for dismissal or conversion in the Ninth Circuit. *Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1047–49

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

(9th Cir. 2013); *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994); *In re Chu*, 253 B.R. 92, 95 (S.D. Cal. 2000). "In determining whether the chapter 11 petition was filed in good faith, the bankruptcy court must ascertain 'whether [the] debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis.'" *Green v. Howard Family Trust (In re Green)*, Nos. NV-15-1349-KiLDO and NV-15-1360-KiLDo, 2016 WL 6699311, at *8 (B.A.P. 9th Cir. Nov. 9, 2016) (quoting *Marsch*, 36 F.3d at 828).

42.     The Chapter 11 Cases were filed as an attempt to unreasonably deter and harass the Hendrix Creditors.  The Entity Debtor Petitions were filed days after Pitsicalis was to transfer financial control of the Entity Debtors to the Receiver, and approximately 25 minutes before he was to appear in person for a sanctions hearing in the S.D.N.Y. Action.  Further, neither of the Entity Debtor Petitions, which are rife with deficiencies, lists the Hendrix Creditors as one of the 20 largest non-insider creditors holding unsecured claims against the Entity Debtors, despite active litigation against the Entity Debtors and other non-debtors.  While the circumstances surrounding the Chapter 11 Cases sufficiently set forth bad faith on the part of the Entity Debtors and Pitsicalis, courts also take into account a debtor's prepetition conduct when analyzing whether a debtor has filed a chapter 11 petition in good or bad faith.  *Burns v. Macgibbon (In re Macgibbon)*, BAP No. WW-05-1422-PaNK, 2006 WL 6810935, at *12 (B.A.P. 9th Cir. Aug. 14, 2006).  Accordingly, based on the evidence set forth above, there is more than sufficient cause to convert the Chapter 11 Cases to cases under chapter 7, unless the Court is inclined to appoint a chapter 11 trustee.

*[Remainder of page left intentionally blank.]*

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1

## <u>CONCLUSION</u>

2      **WHEREFORE**, for each of the reasons stated above, the Hendrix Creditors respectfully

3  request that the Court issue an order, in the alternative: (i) appointing a chapter 11 trustee who would

4  oust the Debtors' management and faithfully oversee the Debtors' estates; or (ii) converting the

5  Chapter 11 Cases to cases under chapter 7, under the administration of a chapter 7 trustee.

6  Dated: January 15, 2019                    **McDERMOTT WILL & EMERY LLP**

7

8

9                    By:    */s/ Jason D. Strabo*
                                   CHARLES E. WEIR
10                                  JASON STRABO
                                   KATE M. HAMMOND
11                                  Attorneys for Movants Experience Hendrix,
                                   LLC and Authentic Hendrix, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

-18-

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
McDermott Will & Emery LLP, 2049 Century Park East, Suite 3800, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): **HENDRIX CREDITORS' NOTICE OF MOTION AND MOTION FOR ORDER APPOINTING CHAPTER 11 TRUSTEE PURSUANT TO BANKRUPTCY CODE SECTION 1104(a) OR CONVERTING DEBTOR'S CASE TO CHAPTER 7 PURSUANT TO BANKRUPTCY CODE SECTION 1112, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 15, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Attorney for U.S. Trustee:** Russell Clementson, Email: russell.clementson@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) January 15, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtors:**
(1) Andrew Marc Pitsicalis, 410 Upper Lake Road, Lake Sherwood, CA 91361
(2) Purple Haze Properties, LLC, 20720 Ventura Blvd., Suite 200 Woodland Hills, CA 91364
(3) Rockin Artwork, LLC, 20720 Ventura Blvd., Suite 200 Woodland Hills, CA 91364

**U.S. Trustee:**
(4) U.S. Trustee San Fernando Valley, 915 Wilshire Blvd. Suite 1850 Los Angeles, CA 90017

**Creditors:**
(5) Angotti Designs, LLC, Laura Angotti, CEO, 3404 Cloudcroft Dr. Malibu, CA 90265
(6) BIC Corporation, Maeve Rothman, Staff Attorney, One BIC Way, Suite 1 Shelton, CT 06484-6299
(7) Carmen Cottone aka Carmen Thomas Andolina aka Carm Cottone dba Partners and Players and Dynasty Gourmet Foods, 138 Shaemus Drive Rochester, New York 14626
(8) C-Life Group, LTD, Hymie Shamah, President, 1400 Broadway, 7th Floor New York, NY 10018
(9) Crain Law Group, LLC, Michael Owen Crain, Esq, 297 Prince Avenue, Suite 24 Athens, GA 30601
(10) Employment Development Department Bankruptcy Unit, MIC 92E, P.O. Box 826880 Sacramento, CA 94280-0001
(11) Firefly Brand Management LLC Cynthia Modders, Owner/CEO, 8315 Morro Rd. #101 Atascadero, CA 93422
(12) Firefly Brand Managment LLC c/o Cynthia Modders, PO Box 6045 Arnold, CA 95223
(13) Franchise Tax Board Special Procedures, PO Box 2952 Sacramento, CA 95812
(14) Freeze, a division of Central Mills, Charlie Tebele, President, 1400 Broadway, Suite 1605 New York, NY 10018
(15) Grassroots Clothing, LLC Ryan Connolly, CEO, 6900 E 47th Ave., Dr., Suite 100 Denver, CO 80216
(16) Green Cures & Botanical Distributio, Rich Thomas, CFO, 11222 S La Cienega Blvd Inglewood, CA 90304
(17) Internal Revenue Service, Insolvency I Stop, 5022 300 N. Los Angeles St., #4062 Los Angeles, CA 90012-9903
(18) Kurt S. Adler, Inc., Cliff Adler, President, 122 East 42nd St. New York, NY 10168
(19) LeClairRyan, LLP, Christiane Cargill Kinney, Esq., 725 S Figueroa St., Suite 350 Los Angeles, CA 90017
(20) Shukat Arrow Hafer Weber & Herbsman, Dorothy M. Weber, Esq., 494 Eighth Avenue, Suite 600 New York, NY 10001
(21) Kevin Singer, Receivership Specialists, 11150 Olympic Blvd., Ste. 810, Los Angeles, CA 90064

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(22) William Pitsicalis, 6250 Telegraph Rd., Apt. 604, Ventura, CA 93003
(23) Jason Blonsky 2305 Tedesca Dr., Henderson, NV 89052
(24) Mike Mclain, 24307 Magic Mountain Pkwy, Ste. 405, Valencia, CA 91355
(25) Christine Flaherty, 4610 Belshire Dr., Las Vegas, NV 89147
(26) Aargon Collection Agency, 8668 Spring Mountain Rd., Las Vegas, NV 89117
(27) Las Vegas Valley Water District, 1001 S. Valley View Blvd., Las Vegas, NV 89153
(28) Nissan/Infiniti, NMAC, P.O. Box 660360, Dallas, TX 75266-0360
(29) Bank of America Attn: FL1-300-01-29, PO Box 25118, Tampa, FL 33633-0900

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 15, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria S. Kaufman, USBC Central District of California 21041 Burbank Boulevard, Suite 354 / Courtroom 301. Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 15, 2019 | Jason D. Strabo | /s/ Jason D. Strabo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**